# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MEDICINE TO GO PHARMACIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 17-0310-WS-MU |
| IMPAX LABORATORIES, INC., | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's Motion to Stay (doc. 38).

As is well documented in the court file, this case is one of two putative nationwide class actions pending in this District Court against Impax Laboratories, Inc. and alleging violations of the Telephone Consumer Protection Act based on Impax's purported transmission of unsolicited fax advertisements. The earlier of the two actions is styled *Family Medicine Pharmacy, LLC v. Impax Laboratories, Inc.*, Civil Action No. 17-0053-WS-MU, and was filed in this District Court on January 30, 2017 (the "*Family Medicine* Action"). The case at bar, by contrast, was initially filed by Medicine to Go Pharmacies, Inc. ("Medicine to Go") in the U.S. District Court for the District of New Jersey on February 14, 2017, and was subsequently transferred to this District Court for consolidation with the *Family Medicine* Action.[1]

Less than three weeks after the transfer was completed, however, and before any consolidation of the two matters had taken place, the parties to the *Family Medicine* Action announced on July 24, 2017 that they had "reach[ed] an agreement in principle regarding class

---

[1] The transfer order entered by the District of New Jersey on July 5, 2017 reasoned that transferring the *Medicine to Go* Action to this District Court would "advance the interests of judicial economy and efficient use of resources by all Parties by eliminating the possibility of: (i) having two overlapping class action cases pending in two different federal courts (in different circuits), which involve identical TCPA claims against the same defendant; (ii) subjecting Defendant to overlapping and unnecessarily duplicative discovery in two different venues; and (iii) inconsistent rulings and/or verdicts." (Doc. 19, at 1-2.)

settlement, including the total settlement fund and amount of attorney's fees," at a mediation session in Birmingham. (Civil No. 17-0053, doc. 46 at ¶ 5.) In light of that development, the undersigned announced in an Order dated July 24, 2017 that "[t]he Court will not *sua sponte* consolidate these two cases pursuant to Rule 42(a), Fed.R.Civ.P." (Civil No. 17-0053, doc. 47). Last week, Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class was filed in the *Family Medicine* Action. The Motion for Preliminary Approval remains pending before the undersigned at this time.

An important question, of course, is what is to become of the *Medicine to Go* Action now that the first-filed *Family Medicine* Action has settled on a classwide basis (subject, of course, to judicial approval). For its part, Impax filed a Motion to Stay this action, reasoning that Medicine to Go "is a member of the *Family Medicine* settlement class," that moving forward with the *Medicine to Go* Action in these circumstances would result in "duplicative litigation and purposeless discovery," and that Medicine to Go would not be harmed by a stay because it would still have "a full and fair opportunity to evaluate the settlement and decide whether to opt out of it or object to it." (Doc. 38, at 3-4.) In response, Medicine to Go balks that it has been unable to determine whether it is a member of the *Family Medicine* settlement class and has not had a full and fair opportunity to evaluate the settlement. Nonetheless, Medicine to Go indicates that it does not oppose Impax's Motion to Stay "provided that it is permitted an opportunity to obtain discovery regarding the settlement and to determine whether its class claims are encompassed by the settlement." (Doc. 42, at 1.)

Medicine to Go has made no showing that any discovery regarding the *Family Medicine* settlement is necessary or appropriate at this time. The details of the proposed settlement in the *Family Medicine* Action are readily available via PACER in public filings in that case. (Civil No. 17-0053, docs. 48 & 49.) Medicine to Go has not identified any aspect of the scope or terms of the proposed *Family Medicine* settlement about which it reasonably requires information at this time that is not set forth in the public filings in the *Family Medicine* Action. At any rate, the Court has no intention of taking any dispositive action regarding Medicine to Go's Complaint without affording Medicine to Go a full and fair opportunity to be heard and to evaluate its options vis a vis participating in, opting out of, or objecting to the *Family Medicine* Action settlement. The only relief that Impax is requesting – and the only relief that is appropriate at this time – is that this action be stayed pending a ruling on the motion for preliminary approval in

the *Family Medicine* Action. Such a temporary stay would advance the interests of judicial economy and efficient use of resources for the Court and litigants alike, without any countervailing prejudice to Medicine to Go's interests. For that reason, and in the exercise of the undersigned's discretion, the Motion to Stay (doc. 38) is **granted**. This action is **stayed** until 14 days after a ruling on the motion for preliminary approval in the *Family Medicine* Action, at which time the stay will be lifted and Medicine to Go will be ordered to notify the Court and Impax within a reasonable time as to whether it intends to proceed with this action or not. Medicine to Go's request for discovery in the interim concerning the scope and terms of the *Family Medicine* Action settlement is denied as unnecessary.

DONE and ORDERED this 15th day of September, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE